(Cuyahoga County, Court of Common Pleas.)

LOUIS F. MEHLING v. THE BOARD OF COMMISSIONERS OF CUYA-HOGA COUNTY.

---

See 845 Revised Statutes, as amended, 91 O. L., 142, making the Board of County Commissioners liable in its official capac-ity of injuries suffered through its neglect to keep a bridge in repair, is constitutional.

---

DISSETTE, J.

The petition filed by the plaintiff, alleges that he suffered by reason of the unsafe condition of a county bridge which went down with him. I will make this as brief as I can, so that you will only get the point. He alleges that the bridge was unsafe and that the timbers were rotten, and that the duty of the county commissioners under the new law making commissioners liable for the proper construction and keeping in repair of bridges, was not observed by said commissioners.

To this petition a demurrer was filed, principally for the purpose of testing the question of the constitutionality of the law, as to whether the county commissioners could be held liable officially for negligence in not keeping in repair such a structure. There were other questions besides that raised in the case, as to the sufficiency of the petition, even if the law was constitutional.

In drawing a petition, the best pleaders will sometimes omit a word that would, perhaps, make their meaning more clear or emphatic. But, take the petition all through on the minor matters that are alleged against it, I think it is a fairly well considered petition, and makes a good cause of action.

The only serious question and the question most seriously insisted upon, was whether the legislature had the authority to impose such a burden upon the tax payers of the county, making them liable, through their representatives, the Board of County Commissioners, and it is said that there is a difference between the test which should be applied in the case of voluntary and involuntary corporations, and involuntary organizations, that is, an organization that is forced to come into existence whether it wants to or not. I have no doubt that there is a wide distinction between the two classes of corporations, but I know nothing in the corporation that would prevent the legislature from im-

posing a duty upon the county commissioners the neglect of which would render the county liable in damages.

I think, so far as this court is concerned, the law is constitutional.

The demurrer will have to be overruled.

Kaiser & Taft, Counsel for Defendant.