HARRIS v. AKE et al., County Com'rs.

(District Court, N. D. Ohio, E. D.   June 27, 1917.)

No. 9357.

HIGHWAYS ⬤190—ACCIDENTS—"PROPER REPAIR."

    Gen. Code Ohio, § 2408, declaring liability of county for damages from negligence in not keeping a county road in "proper repair," is not limited to deterioration from a condition in which the road was put, but applies to original construction in an unsafe or defective manner.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Repair.]

At Law.   Action by O. L. Harris, administrator of Mary B. Harris, deceased, against Samuel Ake and others, as County Commissioners of Stark County, Ohio.   On demurrer to petition.   Overruled.

Amerman & Mills, of Canton, Ohio, for plaintiff.
Frank N. Sweitzer, Pros. Atty., of Canton, Ohio, for defendants.

WESTENHAVER, District Judge.   Defendant's demurrer raises the question whether, assuming all the facts well pleaded in the petition to be true, is a cause of action stated?   The action is one against the county commissioners of Stark county to recover damages for a personal injury said to be due to a county highway being out of repair. The alleged want of repair is due to the fact that in constructing and improving the road the county commissioners left in the center of the highway, at its intersection with another county road, a tree four feet in diameter, and paved the roadway around each side thereof.

Defendant's argument is on the assumption that a liability under section 2408, G. C., is imposed on the county only when a public or a county road has been improved according to a specific plan, and then through decay or usage part of the improvement becomes out of repair, and the injury is due to a failure to make such repairs.

I am of opinion that the statute cannot be so strictly limited.   A road may be out of repair, within the meaning of this statute, if it were originally improved or constructed in an unsafe or defective manner. I reach this conclusion in part from the following authorities: Commissioners v. Coffman, Adm'x, 60 Ohio St. 528, 54 N. E. 1054, 48 L. R. A. 455; Black v. Commissioners, 13 Ohio Cir. Ct. R. (N. S.) 252, affirmed without report 88 Ohio St. 587, 105 N. E. 767; Whitney v. Niehaus, 21 Ohio Cir. Ct. R. (N. S.) 273 (a motion to certify record denied by the Supreme Court); Brownfield v. Clapham, 25 Ohio Cir. Ct. R. (N. S.) 443; Milner v. Commissioners, 14 Ohio N. P. (N. S.) 141.

The case of Smith v. Williams County, 29 Ohio Cir. Ct. R. 610, and 10 Ohio Cir. Ct. R. (N. S.) 115, if to be regarded as a decision contra, must be limited to the exact holding therein contained, namely, that the road itself on which the injury was sustained is not the kind of road included within section 2408, G. C.

In order to avoid misunderstanding, I should add that I am not holding as a matter of law that the construction here is or was so far defec-

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tive or improper as to be a want of "proper repair." It may be that this question is a mixed one of law and of fact, and should be submitted to a jury under proper instructions. I am merely holding that it cannot be said, as a matter of law, that this construction does not amount to a failure to keep a county road in a state of "proper repair." Upon this limited ground I am overruling the demurrer.

The other ground of demurrer, namely, that this court has not jurisdiction, because an action cannot be maintained in this court against the county commissioners of an Ohio county, was not urged upon argument, counsel conceding that it is not well founded.

An order will be entered, overruling the demurrer, with leave to answer within 10 days. An exception may be noted on behalf of defendant.