## DAUS v. MAHONING CO. COMM.

Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 21, 1927.
**First Publication of This Opinion.**
Syllabus by Editorial Staff.
180. BRIDGES—323. County Commissioners.
Section 2408 GC., making county commissioners liable for negligence in not keeping bridge in proper repair, held not to extend to rock ledge upon which abutment of such bridge rests. Such rock ledge held not a part of bridge.

Error to Common Pleas.
Judgment affirmed.
Fred J. Heim and W. F. Hesson, Youngstown, for Daus.
L. L. George, Youngstown, for Co. Comm
STATEMENT OF FACTS.
The action below was to recover for personal injuries sustained by Daus on the 16th day of May, 1926, while passing under a bridge in what is known as Mill Creek Park, this county, where he was struck on the head by a stone falling from a nearby cliff, and injured. At the hearing below, upon the conclusion of the statement of counsel in behalf of plaintiff, there was a motion for judgment on the statement upon the ground that the statement, as made, if proven to be true, would not constitute a cause of action against the County Commissioners. The motion was sustained and from the judgment so entered error is prosecuted here upon the ground that the trial court was in error in entering such judgment. The facts are as follows: There is situated near the city of Youngstown what is known as Mill Creek Park. One of the streets of the city extended is Canfield Road. It crosses a deep gulley near Lanterman's Falls. In 1920 the County Commissioners had constructed, over this gulley, a concrete viaduct. In the construction of the bridge, at one end thereof, there was taken from a ledge of rocks, the earth covering the same, and upon this ledge a concrete abutment for this bridge was constructed. Underneath the bridge there was a path quite generally used by persons traveling through the park. On May 16, 1926, Lyle Daus was passing underneath the bridge when a stone from the cliff above, for some reason, was dislodged, and, falling down, struck him upon the head. He was somewhat seriously injured, and taken to the hospital and later to his home. It is claimed that this resulted in liability against Mahoning County.

FARR, J.

"If liable at all, it is by virtue of a part of Section 2408 GC.

"It is conceded that this is a highway and a bridge under the control of the County Commissioners and it is sought to charge them with liability for this accident under the provisions of this section of the General Code, and upon the theory that this ledge of rocks was an abutment and was in fact a part of the bridge and that the County Commissioners knew or ought to have known, in the exercise of reasonable care, of the danger to Lyle Daus and other persons passing under the bridge, by reason of this ledge of rocks.

"It must be conceded that an abutment is, as well as the approach, a part of the bridge. This ledge, at the point where the accident happened, must be, estimating its height from the height of the nearby pier, in the neighborhood of 65 feet, and to say that the ledge itself was a part of the abutment would be to say inferentially that all of that ledge, no matter how far it extended into the earth, would be necessarily a part of the abutment, because there would be no line of separation. However, it was simply the foundation upon which the contractor built the concrete abutment, that there must be a line drawn somewhere, under such circumstances, rather than to permit an abutment to extend without limit into the bosom of the earth, is clear. The courts passing upon similar questions heretofore, have fixed that line as ending with the abutment of the bridge, and which undoubtedly should be held to mean that which is constructed in connection with the main structure itself; therefore, this ledge of rock was not a part of the abutment. The County Commissioners, under these circumstances, were not charged with any special duty with reference to this foundation, except not to change its natural character. For the reasons given, the judgment of the court below is affirmed."

(Pollock and Roberts, JJ., concur.)