## ALLISON v BOARD OF CO COMMRS OF CRAWFORD CO

Ohio Appeals, 3rd Dist, Crawford Co

No 1350. Decided March 18, 1935

Young & Young, Norwalk, for plaintiff in error.

Charles Gallinger, Bucyrus, and W. J. Schwenck, Bucyrus, for defendant in error.

## OPINION

By KLINGER, PJ.

There is no dispute in the evidence but what the plaintiff was seriously injured, and there is no dispute as to the highway and bridge construction.

Under the common law no right of recovery would exist, and the plaintiff seeks to recover in this action by virtue of the provisions of §2408 GC, and since there was no common law liability, this section must be strictly construed.

In **103 Oh St 249,** the Supreme Court held that a board of county commissioners is not liable in its official capacity for damages for negligent discharge of its official duties except in so far as such liability is created by statutes and such liability shall not be extended beyond the clear import of the terms of the statutes.

Under the provisions of §2408 GC, above referred to, the Board is liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any public state or county road or bridge in proper repair. By the use of the disjunctive "or", the section creates two separate and distinct liabilities on the part of the Board, the first a liability for negligence in failing to keep a road in repair and the second a liability for negligence in failing to keep a bridge in repair. The liability for negligence as to each being separate and distinct a road does not include a bridge erected within its limits, and a bridge does not include a road within the limits of which the bridge is erected, within the purview of this section. Consequently a bridge, within the purview of this section, cannot be a part of the construction or repair of a road. This being the case, no action lies under this section, for the erection or maintenance of a bridge within the limits of a road, irrespective of the location of the bridge with reference to the traveled portion of the road; or, in other words, applying this rule to the case at bar it is not actionable negligence on the part of a board of county commissioners to construct a bridge narrower than the traveled portion of a road.

We have considered this case upon the theory that the accident was due to a failure to keep this road in proper repair. A careful analysis of all the allegations of the petition and the evidence discloses, however, that the accident was not due to the defective condition of the road; that the automobile did not run into a defect due to either improper original construction or to failure to keep the roadway or bridge in proper repair. It is true that according to the allegations of the petition, the road was not in proper repair. However, as we view the undisputed evidence, the bridge and the road were both in proper repair.

It is the duty of the public when using the highways, to exercise ordinary care for their own safety. **60 Oh St 527; 96 Oh St 163; 102 Oh St 480; 10 C.C. (N.S.) 115.**

The findings and judgment of the Court of Common Pleas will be affirmed.

GUERNSEY and CROW, JJ, concur.