## SHELEY v SWING et
### Ohio Common Pleas, Hamilton Co
### Decided May 6, 1938

Richard E. Simonds, Jr., Cincinnati, and Nicholas Bauer, Cincinnati, for plaintiff.

Dudley Miller Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and I. Jack Martin, Cincinnati, for defendants.

## OPINION
By DEMPSEY, J.

This matter was heard upon the defendant's demurrer to the plaintiff's petition. Therein she alleges that she is the owner of certain real estate, situated on Wuest Road, in Hamilton County, Ohio, approximately 750 feet north of Van Zandt Road; and that both thoroughfares are county roads.

Plaintiff further alleges that prior to March 11, 1934, she had upon said premises a seven room frame house; that on or about March 1, 1934, with the consent and under the direction of the defendant County Commissioners, two ditches were dug across Wuest Road, at a point about fifty feet north of Van Zandt Road; that said ditches were approximately eight feet apart, about three feet wide, and eight feet deep; that said ditches were left open in said road for eleven days; that on March 11, 1934, a fire broke out in the plaintiff's said house, and an alarm was sent in to the fire department of the village of Groesbeck, which is distant about one and one-half miles from the plaintiff's premises.

The petition further shows that the fire department attempted to drive to the plaintiff's property but was unable to reach the same. due to the said two ditches across Wuest Road, which made it impassable; that there was sufficient water on the plaintiff's property to extinguish the fire; but that the entire house and its furnishings were destroyed, causing plaintiff a loss of $4,200, for which amount she asks judgment against the defendant County Commissioners.

The ground of the demurrer is that the facts alleged in the petition are not sufficient to constitute a cause of action against the County Commissioners.

It is fundamental that the Board of County Commissioners, and the members thereof, in their official capacity, are not answerable except for such liability as may be placed upon the county by legislative enactment. At common law, the county, being purely a geographic and administrative subdivision of the state, partakes of its general immunity from claims and suits, whether in contract or in tort. It can be subjected to such, only to the extent that the immunity has been waived by statutory provisions, which must be strictly construed in the direction of restricting the conceded liability. County Commissioners v Mighels, 7 Oh St 109, County Commissioners v Storage Co., 75 Oh St 244, Ebert v County Commissioners, 75 Oh St 474, Powell v Klingler, 26 O.L.R. 396, Weiher v Phillips, 103 Oh St 249, Allison v County Commissioners, 19 Abs 74.

Plaintiff admits that this is the law, but contends that under the facts of this case, the County Commissioners are responsible by reason of the terms of §2408, GC. The pertinent language thereof reads:

"The board shall be liable in its official

capacity for damages received by reason of its negligence or carelessness in not keeping any such (public, state or county) road or bridge in proper repair, * * * ." (Words in parenthesis are ours).

Thereby it appears that the commissioners are made answerable for damages resulting proximately from any failure on their part to keep in repair the highways under their charge. Whitney v Niehaus, 4 Oh Ap 208, at 211-212, Durrell v Traction Co., 7 O.N.P. (N.S.) 136. To repair means to mend, after wear and tear; to eliminate the effects of decay or partial destruction; to restore to a state of soundness, usable for the purposes of original construction. In the case of a road, that connotes keeping it in a safe condition, suitable for use by the traveling public. Cleveland Rd. Co. v Cleveland, 97 Oh St 122, at 125.

So, under this statute, there is clearly liability on the County Commissioners for such injuries as may result from their allowing a road to become dangerous for the usual traffic of the locality. Starling v County Commissioners, 53 Oh Ap 293, 7 O.O. 97, Eales, Admr. v County Commissioners, 30 Oh Ap 249, at pages 252, 253, 257.

The Legislature concerned itself thereby with the safety of the traveler, both in person and in property, while in actual use of the highway. As to that, there can be no doubt; but such is not this case. Here the damages complained of by the plaintiff in her petition were not incurred by her as a member of the traveling public.

The query necessitated by the demurrer is whether the Legislature intended to go further, and, by the above quoted provisions of §2408 GC, make the responsibility of the County Commissioners include any hurt with which disrepair of the highway might be demonstrated to have a causal relationship, even though actual use of the road by the claimant, at the time of the injury, were not involved. In other words, was the Legislature concerning itself with something more than the safety of the traveler, while actually on the highway?

Taking into account the primary complete non-liability of the county, and the rule of strict construction of any statutory relinquishment of such immunity, our answer must be in the negative.

In that regard, we first note the fact that in every case in Ohio in which the courts have held the County Commissioners liable under this particular legislation, the injuries originated not only in the commissioners' failure to repair the highway, but also while the complainant was availing himself of its travel facilities. Mehling v Commissioners, 6 O.N.P. 421, Bales v Commissioners, 30 Oh Ap 249, Harris v Ake, 252 Fed. 884, Whitney v Niehaus, 4 Oh Ap 208, Guernsey County v Black, 25 C. C. (N.S.) 415, Bromfield v Clapham, 25 C.C. (N.S.) 443, Hardin County v Coffman, 60 Oh St 527 Rabe v Commissioners, 5 C.C. (N.S.) 97, Starling v Commissioners, 53 Oh Ap 293, 7 O.O. 97.

Thus, want of repairs and use of the highway have concurred in the production of the injuries, in each case where recovery was allowed. One without the other was not sufficient.

Hurts received while traveling along the road, but having no source in a lack of repairs, are, of course, not chargeable to the County Commissioners. Bernius v Hamilton County, 2 Abs 696, Nezlsky v Aubie, 21 Abs 193.

Nor are those injuries which arise out of structural aspects of the highway, but which have not come to the plaintiff in the capacity of a traveler thereon. Powell v Klingler, 26 O.L.R. 396, Dauss v County Commissioners, 6 Abs 418.

By way of further support for this holding, we stress the point that had the Legislature desired to hold the county commissioners for damages, other than those incurred in the use of the highway; had they been concerned with not only the safety of the traveler while on the road, but also for the certainty and facility of getting traffic along the same to its destination; they could have used language suitable for definite expression of that purpose. In their legislation pertaining to the responsibility of municipal corporations for the highways they have so done. For, by the terms of §3714, GC, cities and villages are made answerable, not only in regard to the safety element, for repairs, but also with reference to the service factor, for keeping the streets open to travel: Thus, their liability, in the express language of the statute, is more extensive than that of the counties for their roads. Milner v County Commissioners, 14 O.N.P. (N.S.) 141; 11 Ohio Jur. Counties, §272.

Inasmuch as the petition shows, on its face, that the injuries, for which damages are herein sought, did not accrue to the plaintiff as, and while she was, a traveler on a county highway, it fails to state a case against the defendant commissioners under §2408, GC. Hence the demurrer is sustained.