**SHELEY v SWING, et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5516.   Decided Feb. 20, 1939

Richard E. Simmonds, Cincinnati, and Nicholas Bauer, Cincinnati, for appellant.

Carl W. Rich, Cincinnati and I. Jack Martin, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

The common pleas court sustained a general demurrer to the petition and entered judgment for the costs against the plaintiff.

It is from that judgment that this appeal was taken. The only question, therefore, is whether the petition states a cause of action against the defendants.

And as no liability exists against the county in the absence of a statute imposing a liability (**Hamilton County v Mighels, 7 Oh St 109; Alexander, et v Brady, 61 Oh St 174**) and as §2408, GC, is the only statute imposing a liability that has any relation to the situation described in the petition, the question is further reduced to that of determining whether that section imposes a liability upon the county commissioners for the damage suffered by the plaintiff under the facts alleged in her petition.

The plaintiff alleged that she owned certain described land abutting on Wuest Road, a county highway established and maintained by the couty commissioners of Hamilton county; that there was a frame house owned by her on this land; that two ditches were dug across the road under the direction of the county commissioners, and that they allowed these ditches to remain open for eleven days and failed to warn the public that the road was closed or blockaded; that while the road was in that condition, her home caught on fire; that an alarm was sent to the Groesbeck Fire Department, located about one and one-half miles away; that the Fire Department responded immediately and attempted to reach the

plaintiff's property, but was unable to do so because the ditches across Wuest Road rendered it impassable by the fire extinguishing equipment; that but for this the fire would have been extinguished and her property preserved to her. She also alleged that the defendants allowed the road to remain impassable for an unreasonable length of time and that this constituted negligence on their part, and that such negligence was the proximate cause of the destruction of her property by the fire.

It is thus seen that the specific negligence charged against the defendants is that they permitted the public road to remain impassable for an unreasonable length of time.

Now by §2408, GC, it is enacted that:

"The board of county commissioners may sue and be sued, plead and be impleaded in any court of judicature, bring, maintain, and defend all suits in law or in equity, involving an injury to any public, state or county road, bridge, ditch, drain or watercourse established by such board in its county, and for the prevention of injury thereto. The board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair, and shall demand and receive, by suit or otherwise, any real estate or interest therein, legal or equitable, belonging to the county or any money or other property due the county. The money so recovered shall be paid into the treasury of the county, and the board shall take the treasurer's receipt therefore, and file it with the county auditor."

Does that section impose a liability upon the facts alleged?

It will be observed that the negligence that creates a liability is not that of blockading the road so as to exclude the public from its use or in failing to warn that the road is impassable. The negligence creating liability is "in not keeping any such road or bridge in

proper repair". For what? Plainly, for travel. Its condition in relation to travel would determine whether the duty had been performed. Clearly, the meaning of this would seem to be that to create a liability, the road would have to be out of repair and that that condition had been caused by the defendants' failure to exercise reasonable care. It is only conduct in relation to the repair that is of significance in this connection. It is not the blockading of the road or failure to warn the public, per se, that creates the liability. As long as the road remains open and the public is invited impliedly to use it, those using it have a right to assume that the county has performed its duty to them and that it is reasonably safe for travel in the ordinary mode. That is the test of whether the road is in a proper state of repair. 11 O. Jur. 559. Until a person proceeds to use the road, he does not bring himself, in relation to the county, in such a way as to cause the duty to become active for his protection. The negligence inhered in the condition of the road. It was not ambulatory. Juxtaposition could only be created by the public coming to it, and that could only be accomplished by using the highway, or by being so close to the highway that injury was received as a direct result of the defect.

Now the plaintiff was not traveling upon this highway. The members of the Groesbeck Fire Department were, but no injury was suffered by them. They are not parties to this action. Nothing happened on the highway. No force emanated from it that harmed the plaintiff's property. Until the plaintiff should bring her property within the perimeter of the zone of danger created by the defect, no duty was owing to her, and until a duty arose, no damage suffered could be the proximate result of the defect. 22 R.C.L. 116.

It is a rule of evidence that an inference upon an inference is inadmissible because indulgence in the

second inference would exhaust the reasoning process and enter the domain of speculation and mere conjecture. It has no probative value. **Sobolovitz v Lubric Oil Co., 107 Oh St 204**, 140 N. E. 634; U. S. v Ross, 92 U. S. 281; Atchison, Topeka & Santa Fe R. R. Co. v Baumgarten, 10 Am. Cases, 1094 at 1097; 10 R. C. L. 870; **17 O. Jur. 87**. And this is but a specific application of the general rule that all judicial reasoning must be kept within the bounds of rationality. In Thayer's Preliminary Treatise on The Law of Evidence, at page 194, the author says:

"There comes up for consideration, then, this matter of reasoning: a thing which intervenes, e. g., in questions of negligence and the like, between the primary facts, what may be called the raw material of the case, and the secondary or ultimate facts; just as it intervenes, in the court's questions of the interpretation of statutes and other writings, between the bare words of the document and the ascertainment of its legal meaning."

The rule of statutory construction that the language of the statute should not be given a strained construction is another illustration of the same fundamental principle. **Shreedley v State, 23 Oh St 130**. This same rule of reason is a limitation upon all the powers of government imposed by the "Due Process Clauses" of our state and federal constitutions. It precludes the legislature from imposing an arbitrary inference or presumption. Atlantic Coast Line R. Co. v Ford, 287 U. S. 502; Morrison v California, 291 U. S. 82. If liability results from proximate cause a law cannot make that a proximate cause, which has no relation whatever to the effect. Such a statute would be wholly unreasonable and unconstitutional. Applying this rule to this statute, it is clear that the legislature did not intend to impose a ▆▆▆▆ liability upon the county to respond for all damage, no matter how far removed from the defective road, provided only by a chain of reasoning—no matter how tenuous—the defect can be connected with the damage. The rule requires the limitation of liability to the direct damage from the defect. To abandon this rule of reasoning and attempt to impose liability by strained construction of legislative enactments—applied to conclusions based on inferences filed upon inferences—would result in utter confusion. In fact, to abolish the distinction between direct and indirect causes would, in the final analysis, destroy all liability, because, by such a process of reasoning the plaintiff could always be shown to have been the author of his own injury. No such intent can be attributed to the legislature. In fact, a legislative enactment that utterly disregards reason and imposes liability arbitrarily would violate the "Due Process Clause" of our state and federal constitutions.

The industry of appellant's counsel has revealed no case in which the conclusion is inconsistent with these views. The Ohio cases cited in which a recovery was permitted are all cases in which the plaintiff was using the highway at the time. There was a defect in the highway and an injury directly resulting therefrom. The only Ohio case cited on the subject of proximate cause is **Stockberger v The Ames Shovel & Tool Co., 1 Oh Ap 35**. That was a case in which the defendant unlawfully piled logs in the highway, so as to leave a very narrow space for travel. The plaintiff was injured by a runaway team, and the question was whether the obstruction prevented him from avoiding the team. The court held that it was a question for the jury. Of course, the defendant was charged with knowledge that horses would be upon a public highway and that they might become frightened. Whether a reasonable person would anticipate that the obstruction would prevent the plaintiff from avoiding the team was a question for the jury. The case bears no resemblance to the case at bar.

Some cases from other jurisdictions are relied on. These cases are distinguishable in that the defendant was not a political subdivision and also because the injury did not result from a defect in a street or in property, but because of the defendant's active negligence at the time of the injury. The actions were not predicated on the failure of the defendant to keep premises in repair, but upon active negligence or unlawful intervention which caused the damage. In principle they do not differ from the case where the defendant interfered with the owner or some one in his behalf while using his own equipment to extinguish a fire. This is true of Concordia Fire Ins. Co. v Simmonds, 167 Wis. 541; Kiernan v Metropolitan Construction Co., 170 Mass., 378; Little Rock Traction Co. v Electric Co., 70 L. R. A. 680; Cleveland Railroad Co. v Lauer, 176 Ind. 627; Chicago, Milwaukee & St. Paul R. R. v Heuron, 236 Ill., 620, and the other cases cited by appellant. In these cases, the plaintiff had a right to obtain from the municipality water and its fire extinguishing facilities without unlawful interference by others. The fact that he could not have compelled the municipality to furnish them or that he would have had no cause of action against the municipality was no reason for denying redress against a third person who wrongfully intervened in the situation to his damage. These cases are in an entirely different category. The liability is determined by the application of the general rule applicable between private persons. They do not help in determining the question of extent of liability of a political subdivision imposed by statute.

The case most nearly resembling the allegations in the petition is Hazel v City of Owensboro, 99 S. W. 315, 9 L. R. A., (n.s.) 235. The liability imposed upon Ohio municipalities by §2408, GC, is certainly no broader than the liability of Kentucky cities under the law of that state. The plaintiff sought to hold the defendant for loss caused by the destruction of his building by fire,

on the ground that the failure of the defendant to keep the only street by which the fire department could reach the building in repair delayed the fire department so long that it prevented the extinguishment of the fire, which it would otherwise have been able to do. In holding that the facts created no liability, the Court said:

"The next question is, Was the negligence of the city in failing keep its street in repair the proximate cause of the loss? If it was not, there can be no recovery. It is too well settled to need citation of authority that a recovery in ramages as for tort cannot be had except against the person who was the proximate cause of the injury. It is also true, that, for injuries to person or property resulting from the failure to keep its streets in reasonably safe condition for public travel, an action will lie in favor of any person who has been injured by this breach of duty on the part of the city; and, if this action was for an injury to person or property directly caused by the condition of this street as described in the petition, a recovery might be had. But the appellant is not seeking to recover damages for injuries suffered in the street, or whilst attempting to travel it. Her loss directly resulted from the fire. The negligent condition of the street had nothing to do with the origin of the fire. So that the question is, Could or would the fire have been extinguished if the street had been in good condition for public travel? or, to put it in another way, was the destruction of her house caused by the negligent condition of the street? This is altogether problematical. Certain it is that the city was in no wise responsible for the fire, and in this particular it committed no breach of duty. Nor can it be said that it could reasonably be anticipated by the city that any loss by fire would result from the condition of the street. This being true, it is difficult to perceive upon what ground the city can be asked to respond in damages because its street was out of re-

pair. The connection between the condition of the street and the fire is too remote; in fact there is none."

In the footnote to this case it is said that: "A careful search has failed to disclose any other case in point as to municipal liability for delay of fire apparatus by defective streets." This was in 1907. We have found no case on the point decided since that time.

It should be observed that there is no allegation in the petition in this case that this highway was the only available one. Non constat that the property could have been reached as readily and speedily by another route. The case is weaker on the facts than Hazel v Owensboro, supra, in that respect.

It should also be noticed that the allegation that the defect was the proximate cause of the damage is a mere legal conclusion, not supported by the accompanying allegations of facts, and is not admitted by the general demurrer.

We are of the opinion that the petition fails to state a cause of action, and that the court did not err in sustaining the demurrer thereto.

For these reasons, the judgment is affirmed.

HAMILTON, PJ, and ROSS, J, concur.