Dunn, Appellee, *v.* Brammer et al., Board of County Commrs. of Lawrence County, Appellees.

(No. 910—Decided November 16, 1956.)

*Messrs. Riley & Riley,* for appellant.
*Mr. Harold Spears,* prosecuting attorney, for appellees.

*Per Curiam.* The parties herein will be referred to as the plaintiff and defendant in the same relation as they appeared in the trial court. This is an action by the plaintiff to recover damages to real estate alleged to have been caused by the negligence of the Board of County Commissioners in removing posts and pilings along a county highway, adjacent to plaintiff's land. Plaintiff claims the removal of the posts and pilings caused her land to slip with resulting damages to the buildings thereon. Defendant's demurrer to plaintiff's petition was sustained in the trial court, from which judgment the plaintiff has appealed on questions of law to this court.

The rule is well recognized that the state and its political subdivisions may not be sued except as specially authorized by statute. Section 305.12, Revised Code (Section 2408, General Code), is the only statute in Ohio imposing a liability on the county that has any relation to the facts alleged in plaintiff's

petition. The present action may not be based on this statute for several reasons. In the first place, this statute relates only to persons traveling over a road or bridge and sustaining damages as a result of the disrepair of the road or bridge. *Sheley v. Swing et al., Board of Commrs. of Hamilton County,* 65 Ohio App., 109, 29 N. E. (2d), 364. The plaintiff in the case at bar was not traveling on the road and it is not alleged that the road was in disrepair. A statute creating liability against a county is in derogation of the common law and may not, by implication or otherwise, be extended to cases for negligence of county commissioners in the discharge of their official duties. *Riley v. McNicol et al., Board of County Commrs.,* 109 Ohio St., 29, 141 N. E., 832. In the case of *Grimwood v. Commrs. of Summit County,* 23 Ohio St., 600, it is held that a county is not liable for negligence in the construction of an embankment diverting water from its natural channel onto adjoining land. This case was based on the decision in the case of *Board of Commissioners of Hamilton County v. Mighels,* 7 Ohio St., 110, in which it is held:

"The board of commissioners of a county are not liable, in their quasi corporate capacity, either by statute or common law, to an action for damages for injury resulting to a private party by their negligence in the discharge of their official functions."

Since the decision in the *Mighels case,* statutes have been enacted creating liability against the county in certain instances, but none of these statutes are applicable to the facts alleged in this petition. For further authorities on tort liability of a county see 14 Ohio Jurisprudence (2d), 385, Section 239.

The petition does not state a cause of action against the Board of County Commissioners based upon liability imposed by statute, and the trial court was right in sustaining the demurrer and entering judgment for the defendant. The judgment, therefore, must be, and is, affirmed.

*Judgment affirmed.*

McCURDY, P. J., GILLEN and COLLIER, JJ., concur.