345 F.2d 525
 WESTERN PENNSYLVANIA NATIONAL BANK, Administrator of Estate
of Thomas A. Lyons, Jr., Deceased and George R. McCormick,
Jr., Administrator of Estate of Delories E. Lyons, Deceased,
Plaintiffs-Appellants,
v.
Ernest E. ROSS and Jacob Demmermuth, Joe Cappell, Delmar
Baer, County Commissioners for Tuscarawas County, and Peter
P. Pangrazio and Edgar Spring, Inc., and C. F. Replogle
Company, Defendants-Appellees.
 No. 16009.
 United States Court of Appeals Sixth Circuit.
 May 6, 1965.
 
 James E. McLaughlin, Pittsburgh, Pa., for appellants; William S. Schweers, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., Sindell, Sindell, Bourne & Markus, Cleveland, Ohio, on the brief.
 Burt Fulton, Cleveland, Ohio, for appellees, Bd. of County Comrs., Edgar Spring, Inc., Jacob Demmermuth, Joe Cappell and Delmar Baer; Edward J. Cass, Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, on the brief.
 Edward J. Hyland, Cleveland, Ohio, for Ernest E. Ross.
 Harley J. McNeal, Cleveland, Ohio, for Peter P. Pangrazio.
 S. Burns Weston, Cleveland, Ohio, for C. F. Replogle Company.
 Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.
 WEICK, Chief Judge.
 
 
 1
 This appeal is from an order of the District Court granting a motion filed by the County Commissioners of Tuscarawas County, Ohio, for summary judgment and dismissing plaintiffs' complaint as to them. The plaintiffs' case, as to the other defendants, remains pending in the District Court.
 
 
 2
 The action in the District Court was to recover damages for the wrongful deaths of the plaintiffs' decedents, who were husband and wife. Jurisdiction was based on diversity of citizenship. The case arose out of a collision of an automobile driven by the husband, in which his wife was riding as a passenger, with a truck loaded with hot asphalt. The collision occurred at the intersection of county road 37 with U.S. Highway 36 in Tuscarawas County. The automobile in which decedents were riding had been proceeding in a southerly direction on the county road. The truck was being operated at the time in an easterly direction on U.S. Highway 36, a much traveled main thoroughfare. The automobile proceeded into the intersection without stopping and collided with the truck. The accident occurred in broad daylight.
 
 
 3
 The defendants in the action were the County Commissioners, the truck driver and his corporate employers, and an abutting property owner.
 
 
 4
 Plaintiffs alleged that the intersection of the county road with U.S. Highway 36 was hidden from view by reason of the surrounding terrain, buildings and vegetation, and that a stop sign erected on the northwest corner of the intersection was obscured by the limbs of a tree. It was plaintiffs' theory that the county was negligent in failing to provide adequate warnings of the intersection; in permitting the stop sign erected on the northwest corner of the intersection to be obscured by the limbs of a tree; and in designing and maintaining a road which was inherently dangerous.
 
 
 5
 The sole question presented in this appeal is whether the District Court erred in ruling that the County Commissioners are not amenable to a wrongful death action under the circumstances set forth. In determining this question we must apply the law of Ohio. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
 
 
 6
 In Ohio a county is not regarded as a body corporate like a municipality, but rather as a political subdivision of the state. It enjoys the same immunity from suit as the state. It may not be sued except as permitted by statute. Statutes creating liabilities of counties are strictly construed since they are in derogation of common law. The liability of counties will not be extended beyond the clear import of the statute. Schaffer v. Board of Trustees, 171 Ohio St. 228, 168 N.E.2d 547 (1960); Commissioners of Hamilton County v. Mighels, 7 Ohio St. 110 (1857); Dunn v. Brammer,102 Ohio App. 89, 141 N.E.2d 193 (1956); 14 Ohio Jur.2d 'Counties,' 239, 271 (1955).
 
 
 7
 The statute on which Appellants rely provides in material part:
 
 
 8
 '* * * The board shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair * * *.' Ohio Rev.Code 305.12
 
 
 9
 It is plain to us that the negligence charged by the Appellants against the County Commissioners does not relate to keeping the road in repair.
 
 
 10
 In Ohio municipalities are not liable for failure to maintain traffic signs to apprise drivers of their duty to stop at a street intersection. Tolliver v. Newark, 145 Ohio St. 517, 62 N.E.2d 357, 161 A.L.R. 1391 (1945). Cf. Wall v. Cincinnati, 150 Ohio St. 411, 83 N.E.2d 389 (1948). The liability of a county is more restricted than that of a municipality. Nezlsky v. Auble, 21 Ohio Law Abst. 193 (C.A., 1936); Sheley v. Swing, 28 Ohio Law Abst. 319, 13 Ohio Op. 434 (C.P., 1938).
 
 
 11
 There was no genuine issue over the facts in this case. The District Court was correct in holding that the County Commissioners were not amenable to the action.
 
 
 12
 Judgment affirmed.