JOHNSON ET AL., APPELLANTS, *v.* CITY OF WOOSTER ET AL., APPELLEES.

[Cite as Johnson v. Wooster, 10 Ohio App. 2d 163.]

(No. 1242—Decided May 24, 1967.)

*Messrs. Logee, Lehman & Reynolds,* for appellants.
*Mr. Karl E. Hoover* and *Messrs. Critchfield, Critchfield, Critchfield & Johnston,* for appellees.

HUNSICKER, J. This is an appeal on questions of law from a judgment rendered on the direction of a verdict in behalf of both defendants, appellees herein, the city of Wooster, and the Walter Jones Construction Company, at the conclusion of the plaintiffs-appellants' case in chief.

On November 3, 1961, the appellants, Johnson, residents of Richland County (who never lived in the city of Wooster), came to that city to visit friends. They were not acquainted with the city streets and, hence, inquired at a gas station concerning the way to travel to reach the home of their friends. Mr. Johnson, who was driving his wife's automobile, was told to proceed out Burbank Road (which is state route 76), to a street being constructed, turn left on that street, and, at the end of the construction, turn right on Christmas Run Road to Windsor Street, and to the place where his friends lived.

Burbank Road runs north and south; Highland Avenue (a Wooster city street) runs east and west.

Mr. Johnson followed these directions and noticed, as he turned left to enter Highland Avenue, that the street was being constructed, and it was blocked at this intersection for more than one-half of its width with barricades, under which were several lighted pot-flares illuminating a sign which read— "road closed." Mr. Johnson proceeded around the barricades on the left side of Highland Avenue and, in due course, arrived at the home of his friends.

A little over two hours elapsed, and Mr. Johnson, driving his wife's automobile, with her as a passenger, traversed Highland Avenue on his return journey out to Burbank Road. The

barricades were now mainly on his left, and he was able to get around them with greater ease, and into the intersection of Burbank Road and Highland Avenue. There he was struck by an automobile proceeding south on Burbank Road, or state route 76.

Mr. Johnson said: he was a stranger in the city of Wooster; he did not know that Burbank Road was a state route; he did not see the state route 76 signs which were along the road he drove to get to its intersection with Highland Avenue; there was no stop sign at the intersection of Highland Avenue with Burbank Road; there was a pile of dirt at the northwest corner of the intersection—on a high bank, off the traveled portion of the highway—which prevented him seeing Burbank Road north of its intersection with Highland Avenue; Highland Avenue, at its intersection with Burbank Road, was barricaded to more than one-half of its width, with lighted pot-flares under the barricades, which illuminated the barricades and, also, a sign reading "road closed"; and the Highland Avenue road surface was in good condition.

Mr. Johnson also said that: the city of Wooster allowed a nuisance to exist in the highway when it permitted a pile of dirt off the traveled portion to obscure the vision of Burbank Road to one who was driving east on Highland Avenue; and failed to maintain a stop sign at the same intersection.

It is claimed that the contractor-appellee was guilty of negligence in placing the pile of dirt on the high bank off the traveled portion of the highway, thus preventing a view of traffic headed south on Burbank Road; in failing to erect a temporary stop sign at the intersection herein; and in failing to close Highland Avenue to through traffic.

The Supreme Court of Ohio has, as recently as the case of *Gabris* v. *Blake,* 9 Ohio St. 2d 71, reiterated its time honored position regarding the immunity of a municipality for negligence in the maintenance of its streets and highways. In that case (at page 74), the court said:

"This court has recently reiterated that such section [Section 723.01, Revised Code] is to be strictly construed in favor of a municipality engaged in the exercise of governmental functions. *Geideman* v. *City of Bay Village,* 7 Ohio St. 2d 79, 218 N. E. 2d 621.

"This court has also held that the scope and application of Section 723.01, Revised Code, as to public highways and streets are limited to conditions affecting the actual physical condition of the highways or streets themselves. * * *''

This rule is that which was stated in the case of *City of Wooster* v. *Arbenz,* 116 Ohio St. 281, 52 A. L. R. 518.

The dirt piled off the highway merely raised higher a steep bank at the side of the road which prevented a clear view north on Burbank Road. This view obstruction existed prior to the road construction. In the light of the existing rule of governmental immunity, and the interpretation of Section 723.01, Revised Code, by the Supreme Court of this state, we conclude that the view obstruction herein did not constitute a nuisance.

The failure to have erected a stop sign at the intersection of this closed street with the state route does not constitute a nuisance when considered in the light of the case of *Tolliver* v. *City of Newark,* 145 Ohio St. 517, 161 A. L. R. 1391, and the case of *Imfeld, Admr.,* v. *City of Hamilton,* 166 Ohio St. 11. This court, in the case of *Connors* v. *Dobbs,* 77 Ohio App. 247, said that a main thoroughfare, once designated, does not lose its status merely because a sign on an intersecting road becomes illegible or is destroyed. We believe that this rule, under the circumstances in this case, is valid, notwithstanding the adoption of the uniform traffic code requiring specific designations of through streets and highways. State routes are designated through highways, and the collision occurred as Johnson was driving onto such a road, which he had traversed just a few hours previously. Along this road, before the intersection of Highland Avenue were two signs designating it as state route 76, which signs Johnson passed on his way to the barricaded street marked "road closed."

No action lies against the city of Wooster under the circumstances found in this case.

We come now to the position of the defendant-contractor, Walter Jones Construction Company. We have searched in vain for some Ohio cases which discuss the rights of the public when using a street in a municipality that is marked—closed for repairs. Certainly, the right to construct, repair, or rebuild a street carries with it the right to close the street to traffic during

such construction, for to hold otherwise would open the city to all manner of claims under Section 723.01, Revised Code.

The construction company had agreed to widen and pave Highland Avenue. In doing this work, it became necessary to remove dirt along the north side of Highland Avenue and make a cut along a bank that existed on that side. A sidewalk, only on the south side, was being installed, and, hence, the stop sign had to be removed. To compensate for the removal of the sign, the city required the street to be barricaded and marked—closed. The stop sign was to be removed and preserved, undamaged, until picked up or reset by the city. The contractor was not required to reset the sign; that obligation remained with the city.

The pile of dirt on the north bank was between one and two feet high. There were several trees north of this bank between the dirt and Burbank Road. This pile of dirt came from the sharp cut that was necessary to be made on the north side of Highland Avenue to bring that street surface to a level with Burbank Road. There had always been a bank of dirt at this intersection, but the widening of Highland Avenue made a steeper cut necessary.

All along Highland Avenue there was evidence that it was a street in the process of construction, with barricades and pot-flares at its intersections with the intersecting streets.

Under the circumstances above set out, we must ask: what duty to Mr. and Mrs. Johnson (the appellants) did the contractor, Walter Jones Construction Company (appellee), neglect that now subjects it to an action for the injuries alleged in the complaint filed herein?

Whether Burbank Road retained its preferential status or not, it was an open and traveled highway, and Mr. Johnson, driving on a highway which he knew was marked ''road closed,'' drove from that street onto the open road in the face of oncoming traffic, which he said he did not see.

If the contractor-appellee stands in the shoes of the city, then there can be no liability on its part to respond in damages to either Mr. or Mrs. Johnson. We find no Ohio case that grants to a contractor, performing a governmental function under a contract with a city, the immunity from liability for negligence

which a municipality enjoys. See: *Bluhm* v. *Blanck & Gargaro, Inc.*, 62 Ohio App. 451. We do not believe that the case of *Wymer-Harris Construction Co.* v. *Glass*, 122 Ohio St. 398, 69 A. L. R. 517, or the case of *Visintine & Co.* v. *New York, Chicago & St. Louis Rd. Co.*, 169 Ohio St. 505, changes this rule.

Under the circumstances of this case, however, can reasonable minds reach any conclusion other than that the contractor-appellee was free from actionable negligence in this case? According to the city engineer, the road was closed to through traffic, but it was used by the residents for the purpose of ingress and egress. This did not establish it as an open public thoroughfare.

Mr. Johnson chose to enter Highland Avenue knowing it was marked "road closed." He entered this closed street from a highway marked "state route 76," which thus designated that highway as a through road, or a route having preferential rights. Later, that same night, he chose to exit from the closed street onto this state route, with the result that he and his wife suffered injury.

The conclusion is inescapable that the alleged injuries received by the plaintiffs, Johnson, were due to the sole negligence of Mr. Johnson. For this reason, the judgment as to the contractor-appellee, the Walter Jones Construction Company, must also be affirmed.

We have examined all claims of error herein and find none prejudicial to the substantial rights of the appellants.

*Judgment affirmed.*

BRENNEMAN, P. J., and DOYLE, J., concur.