Dorothy **CRAVENS**, Individually and as Administratrix of the Estate of Michael Dennis Cravens, Plaintiff-Appellant,

v.

**COUNTY OF WOOD, OHIO**, Board of County Commissioners; Tony Allion, Wood County Engineer, Defendants–Appellees.

No. 87–3808.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1988.

Decided Sept. 8, 1988.

**754**

David M. Schnorf, Christopher F. Parker (argued), Schnorf & Schnorf, Toledo, Ohio, for plaintiff-appellant.

Betty Montgomery, Wood Co. Pros. Office, Bowling Green, Ohio, Raymond C. Fischer (argued), Perrysburg, Ohio, for defendants-appellees.

Before MARTIN, GUY and NELSON, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Dorothy Cravens appeals from a jury verdict in favor of Wood County in this wrongful death action. We affirm.

On July 12, 1982, Wood County began to repair and replace a bridge on Roachton Road. A variety of warning signs and lights were installed to alert drivers that the bridge was out. On the night of August 15, 1982, Michael Cravens drove his motorcycle eastbound on Roachton Road. One mile before the bridge, Cravens drove around, but apparently did not heed, a lighted warning sign and barricade that blocked off the eastbound lane. Cravens approached the bridge at a high rate of speed, crashed through another set of lighted barricades, and suffered fatal head injuries. Cravens' blood alcohol content was measured at .20. A passenger riding with Cravens was not killed.

Cravens' mother brought a diversity action against Wood County under the Ohio wrongful death statute alleging negligent maintenance of the bridge, breach of a statutory duty to keep the bridge in proper repair, and nuisance. The case was referred to a magistrate pursuant to 28 U.S. C. § 636(c), and the magistrate bifurcated the suit, ordering that the issue of liability be decided prior to the presentation of evidence concerning damages. At trial, Wood County presented Lt. Jack Holland of the Ohio State Highway Patrol to provide expert opinion as to Cravens' speed at the time of the accident. Based on his review of the accident report and accompanying photographs, Lt. Holland estimated that Cravens was travelling at 83 miles per hour at the moment of impact.

Under the Ohio comparative negligence statute, Ohio Revised Code § 2315.19, a plaintiff who is more negligent than the defendant may not recover. The magistrate denied Mrs. Cravens' motions for directed verdict and sent the case to the jury. The jury found Michael Cravens 75% negligent, and, accordingly, judgment was entered in favor of Wood County.

On appeal, Mrs. Cravens raises six issues. First, Mrs. Cravens argues that the magistrate erred in denying her motion for directed verdict on the issue of absolute nuisance. Second, Mrs. Cravens argues that the magistrate should have at least submitted the issue of absolute nuisance to the jury. Third, she argues that the magistrate should have instructed the jury that Wood County was negligent as a matter of law in failing to comply with statutes governing bridge repairs. Fourth, Mrs. Cravens argues that the magistrate abused his discretion in bifurcating the issues of liability and damages. Fifth, Mrs. Cravens argues that the magistrate erred in admitting Lt. Holland to testify as an expert witness. Finally, Mrs. Cravens argues that the magistrate improperly allowed Wood County to bring a replica of the "road closed" warning sign into court.

Mrs. Cravens' suit is based on Ohio Revised Code § 305.12, which provides:

The board of county commissioners may ... be sued ... in any court of judicature, ... and defend all suits in law or in equity, involving an injury to any ...

county bridge ... established by such board in its county, and for the prevention of injury thereto. The board shall be liable, in its official capacity, for damages received by reason of its *negligence or carelessness* in not keeping any such ... bridge in proper repair.... (emphasis added.)

Before the magistrate, Mrs. Cravens urged several theories that would hold Wood County strictly liable and would prevent the county from raising the affirmative defense of Michael Cravens' contributory negligence. Specifically, Mrs. Cravens' theories of absolute nuisance and negligence as a matter of law are based on Wood County's alleged violation of statutes governing the erection of warning signs at road repair sites. Mrs. Cravens contends before this court that the jury should not have been allowed to consider the contributory negligence of Michael Cravens because of the county's statutory violations. We specifically reject this contention.

█ Generally, the state government is immune from tort liability arising out of its governmental activities unless it specifically consents to suit. In Ohio, the repair of bridges is a governmental activity. *State, ex rel. Fejes v. City of Akron*, 5 Ohio St.2d 47, 48, 213 N.E.2d 353, 354 (1966) ("It has long been established in this state that in the construction, improvement and maintenance of streets and highways a municipality is engaged in a governmental function, and that there is no liability in such connection, unless liability is expressly imposed by statute."); *Taylor v. City of Cincinnati*, 143 Ohio St. 426, 447, 55 N.E.2d 724, 733 (1944) ("Municipalities, in the management and control of their streets and public grounds, act in a governmental capacity and hence are not liable in such connection unless liability is expressly imposed by statute."). Consequently, Wood County is immune from suit arising out of its repair of the Roachton Road bridge except in so far as expressly provided by statute. As this court has stated:

In Ohio a county ... enjoys the same immunity from suit as the state. It may not be sued except as permitted by statute. Statutes creating liabilities of counties are strictly construed since they are

in derogation of common law. The liability of counties will not be extended beyond the clear import of the statute.

*Western Pennsylvania National Bank v. Ross*, 345 F.2d 525, 526 (6th Cir.1965). Section 305.12 of the Ohio Revised Code is clear: a county will only be liable for damages arising out of its bridge repairs to the extent it is negligent or careless. Moreover, the section does not suggest that the counties have surrendered their right to raise the affirmative defense of contributory negligence even in cases in which they have been negligent, and we decline to interpret the section as embodying such a surrender. Rather, we hold that, where an Ohio county improperly maintains its roadways, the fact finder should still consider the contributory negligence of the injured plaintiff in assigning causation for the injury. *See Johnson v. City of Wooster*, 10 Ohio App.2d 163, 226 N.E.2d 800 (1967). Accordingly, we believe that the magistrate properly rejected Mrs. Cravens' theories holding the county strictly liable without regard to the negligence of Michael Cravens.

█ It is well settled that a trial judge may, within his sound discretion, sever the issue of liability from the issue of damages. *Moss v. Associated Transport*, 344 F.2d 23 (6th Cir.1965). In considering whether bifurcation is appropriate, the trial judge should consider "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir.1982), *cert. denied*, 461 U.S. 929, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983). Here, the magistrate found that, although there was little chance of juror confusion, there was a substantial likelihood that the verdict of an un-bifurcated trial might be influenced by sympathy, that Mrs. Cravens would not be unfairly prejudiced by the bifurcation, and that bifurcation might result in substantial time savings for the court and all parties involved. We have reviewed the record, and we conclude that the magistrate did not abuse his discretion in bifurcating the trial.

█ As the Supreme Court has held, "the trial judge has broad discretion in the

**756**

matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *Salem v. United States Lines,* 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962). Mrs. Cravens argues that the magistrate abused his discretion in admitting Lt. Holland's expert testimony because the testimony was speculative. Specifically, Mrs. Cravens complains that Lt. Holland neither inspected the accident site nor Michael Cravens' motorcycle. Federal Rule of Evidence 703, however, makes clear that the expert need not rely upon first-hand observation so long as he relies on the type of data reasonably relied upon by experts in the field in forming expert opinions. Here, Lt. Holland relied on the official accident report and accompanying photographs. The magistrate did not abuse his discretion in admitting Lt. Holland's testimony.

Finally, we find that the magistrate did not abuse his discretion in allowing the county to introduce a replica of the "road closed" sign: the original sign no longer existed, the replica matched photographs of the original sign, and the magistrate gave the jury an accompanying cautionary instruction.

The judgment of the district court is affirmed.