Jones, J.
 

 In an error proceeding where the entire record is before the reviewing court, and an unsuccessful litigant seeks final judgment in his favor upon the uncontroverted facts, is a cross-petition in error necessary for that purpose? This court has sanctioned the rule that a final judgment may be rendered in a higher court in favor of the defendant in error without the necessity of filing a cross-petition for that purpose. In the following cases it does not appear that any cross-petition in error was filed by the defendant in error in the appellate court, or in this court, in his attempt to procure final judgment:
 
 Minnear
 
 v.
 
 Holloway,
 
 56 Ohio St., 148, 46 N. E., 636;
 
 B. & O. Rd. Co.
 
 v.
 
 McClellan, Admx.,
 
 69 Ohio St., 142, 68 N. E., 816;
 
 Riley
 
 v.
 
 McNicol,
 
 109 Ohio St., 29, 141 N. E., 832;
 
 Buell, Admx.,
 
 v.
 
 N. Y. Cent. Rd. Co.,
 
 114 Ohio St., 40, 150 N. E., 422.
 

 We have often held that a motion for a directed verdict in his favor, made by a litigant, basing his right to judgment upon the admitted or uncontroverted facts, presents a question of law purely. This legal doctrine has been applied and enforced where there is a failure of proof upon the part of him having the burden, or where the pleadings of a party, supplemented by the opening statement of counsel, are such as to require judgment against him; and it has more often been applied in cases where a litigant is entitled
 
 *71
 
 to judgment upon the essential facts which are not in dispute. And where the entire record, including the bill of exceptions, is before a reviewing court, and a motion for a directed verdict has been made and overruled, it becomes the province of such court to determine the legal question whether the mover was entitled to judgment on such undisputed facts; for such purpose no cross-petition in error need be filed either in the Court of Appeals or in this court. The motion to dismiss the cross-petition in error is denied.
 

 In this court the defendant in error defends the reversal by the Court of Appeals, but insists that its motions for a directed verdict should have been sustained, and that the lower courts erred in not rendering final judgment in its favor. On the first feature its counsel contend that there was prejudicial error committed by the trial court in sending a verbal message by the bailiff to the jury, telling them what the form of the verdict should be and advising them that “if their finding is against both defendants to return a joint verdict.”
 

 The controlling statute, Section 11452, General Code, reads as follows: “After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection' of the testimony upon a disputed point.”
 

 Under the foregoing section it is evident that, after the jury has retired to deliberate, further instructions on the law of the case or the court’s statement of its recollection of the testimony upon a disputed point must be made “in the presence of or after notice'to the parties or their counsel.” Those provisions are mandatory. This court decided that it was error for
 
 *72
 
 the trial court to give additional instructions to the jury upon:points of law in the absence of and without, notice to counsel.
 
 Krieger’s Cleaners & Dyers, Inc.,
 
 v. Benner, 123 Ohio St., 482, 175 N. E., 857. We are of the opinion that the request of the jury concerning, the.form of their verdict pertained to matters on points of law, a phrase contained in the foregoing section; It is conceivable that where there are many parties, hav-. ing diverse or antagonistic interests, the form of the verdict may be important and the court’s charge in respect thereto may be of great interest to counsel. The forms of verdict are generally, and-were in this case, alluded to in the court’s charge; its written charges are required to be taken by the jurors in their retirement. Section 11447, General Code. We- are of the opinion that the instructions relating to the form of verdict for or against parties litigant, given to the jurors at their request, were instructions governing their finding made pursuant to the charge given them in open court; and that the information given them by the court in respect to their verdict should, have been given in the presence of or after notice to the parties or, their counsel. The jury sent to the court a written request for information respecting the form of. their verdict. The court responded by giving to the bailiff, a verbal message as to what its form should be. Sending, verbal messages of such character opens the door to possibilities of grave danger to litigants. The record does not disclose what, in fact, the bailiff told the jury. But whatever he told them, the procedure followed would enable an unscrupulous bailiff to camouflage the message; or, if he were scrupulously conscientious, there, might arise a possibility that his recollection would be inaccurate and the message not correctly delivered. Upon such an important feature, the orderly procedure requires that the contact between the court and jury should be immediate.
 

 Bid the trial court err in overruling the railway
 
 *73
 
 company’s motions for a directed verdict? This question involves a consideration of the evidence, and we will refer to its salient features as briefly as we can. On Sunday, May 28, 1928, about 8:30 a. m., the plaintiff Hrovat and four other young men met at plaintiff’s home on East Eighty-Second street, Cleveland, Ohio, for the purpose of going to Barberton to play baseball. Hrovat telephoned the cab company for a taxicab, and he and his companions went to Union avenue where they expected to get into the conveyance. In order to get a proper picture of the accident and its cause, Union avenue should be particularly described. This avenue is a thoroughfare running east and west, having two street car tracks located near its center, one for west-bound and the other for eastbound cars. On either side of these tracks there is a vehicular roadway about eleven feet in width from curb to track. When the young men reached Union avenue they observed a cab coming towards them from the east, and on the north side of the avenue.
 

 In the disposition of this phase of the case we shall allude only to the testimony adduced by the plaintiff, given by Hrovat himself and his three companions, viz., Klum, Fortuna and Cvitko. Their testimony is substantially alike. They testified that when the cab was hailed it was on the north side of the street and going west; that after being hailed it turned directly south to the point where the young men were standing. After making the turn it stopped at the south curb, facing west and on the wrong side of the avenue, the passengers intending to travel east; after the passengers entered, the cab turned north and stopped at the north curb, again on the wrong side of the avenue, and waited a few minutes for west-bound traffic to pass; and it was at this juncture that the unusual action of the taxicab driver took place, which resulted in the collision of his cab with a west-bound street car. Finding himself at the north curb the taxi driver backed his
 
 *74
 
 car to the south curb. Then intending to go east, the driver, in making a right turn, again drove his cab north of and beyond the center of the street and on the west-bound track. Just at this time an east-bound car, coming from behind, overtook the cab, bringing about a situation where both street car and cab were traveling side by side in an easterly direction, the cab on the wrong side of the street. There is some variance as to how far they so traveled, but one witness for the plaintiff gives the distance as 280 feet and another puts it at from 300 to 400 feet. Finding himself in this predicament, on the wrong side of the street, the taxi driver in attempting to resume his own side of the avenue, endeavored to pass either in front or the rear of the street car; and while doing so his cab collided with a west-bound street car. The conduct of the taxi driver, both preceding and up to the time of the collision, was unusual and extremely negligent. Three times he had been on the wrong side of the avenue, and his conduct in driving on the west track alongside the east-bound street car for such a distance was also negligent. Any man of ordinary prudence would have permitted the east-bound street car to pass so that he could have resumed the south or proper side of the street. He had ample opportunity to do this. We are unable to find any negligence on the part of the railway company, and are of the opinion, from the undisputed facts thus detailed, that the unusual and extraordinary conduct of the taxi driver was the sole cause of the accident and was the proximate cause of the plaintiff’s injury. But assuming that the operation of the street cars of the railway company created the situation and conditions which, concurrently with the later intervening negligence of the taxicab company, caused plaintiff’s injuries, such acts of the railway company became the remote and not the proximate cause of the accident. The agents of the railway company could not have reasonably anticipated the ex
 
 *75
 
 traordinary, if not illegal, conduct of the taxicab driver. Such being the case, it is a well-settled rule of law that such intervening negligence of the cab driver became the proximate cause.
 

 The trial court should have sustained the motions of the defendant in error for a directed verdict, and in refusing so to do that court erred. "While the Court of Appeals did not err in reversing the judgment of the trial court for the reasons assigned in its journal entry, it did err in failing to render final judgment in favor of the defendant in error.
 

 Proceeding to render the judgment which the lower courts should have rendered, it is the judgment of this court that the judgment of the Court of Appeals be reversed in part and that final judgment be entered in favor of the defendant in error.
 

 Judgment reversed in part and final judgment rendered.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.