THE TOLEDO EDISON Co. *v.* TULLIS.

(Decided May 20, 1935.)

*Messrs. Tracy, Chapman & Welles,* for plaintiff in error.

*Mr. Edwin J. Lynch,* for defendant in error.

OVERMYER, J. In March, 1931, the defendant in error, Edgar A. Tullis, was an employee of The Toledo

Edison Company, a self-insurer under the Workmen's Compensation Law of Ohio, and later he made claim against such employer for compensation for disability claimed to have been the result of an accidental injury sustained in the course of and arising out of his employment.

The claim was rejected by the Industrial Commission and suit was brought in the Common Pleas Court which resulted in a verdict for claimant. Judgment was entered on the verdict, and the employer prosecutes error. The petition in error sets forth a dozen grounds of alleged error, but those urged upon this court are that there was no evidence on which to submit the case to the jury; that there was error in the charge of the court; and that the court erred in giving additional instructions to the jury in the absence of counsel without notifying or attempting to notify counsel after the jury had retired for deliberation.

We have carefully read the record to ascertain whether or not there was evidence requiring the submission of the case to the jury, and the disposition we are required to make of the case on other grounds prevents us from commenting on the evidence further than to say that while the medical evidence alone might not have warranted the submission of the case there is other evidence in the record, offered by the claimant and other witnesses, which was not contradicted by the medical witnesses, and was of sufficient weight to carry the case to the jury.

Complaint is made of the charge of the court in the matter of omitting the word "accidental" in connection with the word "injury" as used throughout the charge and in the special instructions before argument. Such criticism might be well-founded, but examination of the entire charge discloses that the court did charge the jury, as required, that an injury to be compensable must be an injury accidental in its origin and cause.

The error urged upon the court relating to the additional instructions to the jury, in the absence of and without notice to counsel, is a fatal one under the decisions of the Supreme Court, and requires a reversal of the judgment. The record discloses that certain interrogatories were submitted to the jury to be answered and returned with the general verdict, and that "after the jury had retired and after some deliberation, returned into court, and in the presence of the court, but in the absence of counsel for the plaintiff and the defendant, and without any notice being actually given or attempted to be given to counsel for plaintiff and defendant, the following took place." (Then follows a long question asked of the court by a juror relating to the interrogatories which had been submitted; in fact the juror's question consisted of four separate inquiries on the subject.) The court thereupon answered the juror's inquiries and instructed the jury further with reference to the interrogatories, whereupon a lady juror said to the other jurors, "I told you so!" Following this remark, the court further instructed the jury on the subject of the interrogatories, and among other things instructed the jury that it was not necessary that more than nine jurors should concur in the answer to an interrogatory, a statement which was a repetition of what the court, in its general charge, had given the jury at the request of counsel for plaintiff in error. See *Maumee Valley Railways & Light Co.* v. *Hanaway,* 7 Ohio App., 99.

Section 11452 of the General Code (now Section 11420-6) reads as follows:

"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the

parties or their counsel, may state its recollection of the testimony upon a disputed point."

The Supreme Court, in *Hrovat* v. *Cleveland Ry. Co.*, 125 Ohio St., 67, 180 N. E., 549, 84 A. L. R., 215, has construed the above section and held the provisions thereof to be mandatory. In that case the jury had inquired of the court through means of a note sent by the bailiff, as follows:

"Shall we return a separate or joint verdict against the defendants?"

In reply the court sent this oral message by the bailiff:

"Tell them if their finding is against both defendants to return a joint verdict."

The Supreme Court in an opinion that was unanimous held that this request related to matters on points of law, as referred to in the above statute, and that the giving of this apparently harmless instruction in the absence of counsel was prejudicial error.

In our opinion the request and instructions given in the absence of counsel in the instant case, relating to the answering of interrogatories which might well "make or break" any verdict returned, were instructions that "related to matters of law," and on authority of the above case we hold that the giving of the instructions complained of, in the absence of and without notice to counsel, constitutes prejudicial error for which the judgment of the lower court must be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.