SCOTT, APPELLEE, *v.* WIX, APPELLANT.

(No. 3512—Decided January 8, 1943.)

*Mr. Harry F. Clarke,* for appellee.
*Mr. A. J. Bianchi,* for appellant.

DOYLE, P. J.   Aubrey W. Wix was charged with bastardy in the Municipal Court of Akron under authority of the statutes applicable to such charge. Trial was had to a jury, and a verdict was returned in favor of the complainant and against the accused person. Judgment was thereupon entered upon the verdict as returned. From this final order, appeal on questions of law is prosecuted to this court.

The undisputed evidence establishes that, during the deliberation of the jury, request was made by the body for additional instructions. The trial judge ordered them into the jury box, and, without inquiry as to the nature of the instructions desired by the jury, peremptorily refused to charge further.

The record shows that counsel for each litigant was present and timely objection made by the defendant. Mr. Bianchi, counsel for the defendant, moved the court to inquire of the jury as to the nature of the re-

quested instructions. This motion was overruled. Mr. Bianchi then "moved the court to give them additional instructions." This motion was also overruled.

It is necessary only to direct our attention to the conduct of the court, to reverse the judgment and remand the case for a proper trial.

Section 11420-6, General Code, provides:

"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

When a jury has been brought into court pursuant to this statutory authority, it is the duty of the trial judge to permit it, through its spokesman, to state what information is requested, and a peremptory refusal in the presence of counsel and over timely objection is prejudicial error. See *Hrovat v. Cleveland Ry. Co.*, 125 Ohio St., 67, 180 N. E., 549, 84 A. L. R., 215.

Any other ruling by this court would directly attack the integrity of court proceedings and nullify the statute.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

STEVENS and WASHBURN, JJ., concur.