By the Court.
 

 We agree with the statement of relator in his brief:
 

 “The main issue involved in this case is as to whether or not the charge that relator had habitually contracted debts which he was either unable or unwilling to pay, could or does of itself constitute a charge of dishonesty.”
 

 However, we do not agree with the further state
 
 *332
 
 ment in the brief that
 
 ‘ ‘
 
 The Court of Appeals held that it did not.” The court speaks only by its journal and the reason for the reversal given in the journal entry or mandate is: “ * * * and the judgment of the said Court of Common Pleas is reversed, for error of law in the admission of evidence and no further error appearing in the record, and this cause is remanded to said Court of Common Pleas for further proceedings.”
 

 First, as to the question made by the Court of Appeals journal entry or mandate, we are of the opinion that such ruling was erroneous for two reasons:
 

 (1) There was no burden on the respondents to introduce any evidence;
 

 (2) The identity of the exhibits in question had been admitted in the reply and the exhibits were not challenged for lack of identification. The exhibits were challenged only on the ground that they were not relevant. This issue had been made by the reply which reads:
 

 “* *<
 
 *
 
 That the findings of the mayor as set up by the defendant are outside of the mayor’s jurisdiction in this particular case and are therefore not binding upon this relator.” This amounted to a confession and avoidance.
 

 There was no denial that the findings were properly set out. in the answer. The same may be said of the checks in question. There was no denial but an attempted avoidance was made by the claim that the checks “were in fact given by the relator as notes; and that said checks were written as notes and were not to be cashed by the bank, through the bank, but were to be taken up by him, all of which the parties holding same well knew.” It is to be noted that no evidence was offered to sustain this claim of relator.
 

 The rule, Section 4, had been set up in relator’s petition. The court had suggested that any facts which the respondents wished to offer could be stipulated and it
 
 *333
 
 was pursuant to the suggestion by the court: “Dictate the stipulation into the record. It can all be done by stipulation.” No prejudicial error resulted by the admission of any of the evidence. -Such evidence on behalf of respondents was unnecessary in the absence of any evidence by relator.
 

 Therefore, the judgment of the Court of Appeals as disclosed by its journal entry and mandate should be and hereby is reversed.
 

 Section 12223-21, General Code, provides in part:
 

 “All errors assigned shall be passed upon by the court, and in every ease where a judgment or order is reversed and remanded for a new trial or hearing, in its mandate to the court below, the reviewing court shall state the error or errors found in the record upon which the judgment of reversal is founded.”
 

 It cannot be determined from the court’s mandate what evidence was held by the Court of Appeals to be inadmissible or whether inadmissible on the ground of lack of identification or lack of materiality.
 

 Section 12223-39, General Code, provides:
 

 “The court of appeals or common pleas court so reversing a judgment, upon the request of either party, shall specify in writing the ground or grounds of such reversal, which shall be filed and kept with the papers in the case.”
 

 The transcript of the docket and journal entries discloses the following:
 

 “'July 2nd, 1945. Application by defendants-appellees for court to specify in writing the ground or grounds of the reversal and two copies filed.
 

 “July 11th, 1945. Notice of appeal to Supreme Court filed by appellant.
 

 “September 10th, 1945. To Court: The request by defendant-appellee for opinion is overruled. Exceptions. Journal 16, page 185.”
 

 However, respondents have printed a majority opin
 
 *334
 
 ion of the court in which we find the following statement :
 

 “The mayor was not called as a witness in the case. No minutes of the hearing before the mayor of the charges against relator were offered. No one testified who was present at the hearing. No proof was offered that the relator had signed or sent checks and no witnesses attempted to identify his signature. Whether any such proof was offered at the hearing of the charges we do not know. In our opinion, therefore, it was clearly error to admit in evidence the may- or’s letter of April 20,1942, or the five checks as proof of the evidence offered at the hearing of the charges against the relator.”
 

 The court’s opinion then contains the following:
 

 “It is also our opinion that the charge against the relator that ‘he had habitually contracted debts which he either was unable or unwilling to pay’ is not the equivalent of a charge of dishonesty. This is the charge of which the relator was found guilty.
 

 “Relator contends that the above facts entitle him to a judgment in this case. They may make a
 
 prima facie
 
 case but it is our opinion that the defendants, even if .the formal charge against relator did not connote dishonesty, had the right to show in this case .that the evidence presented at the hearing before the mayor on April 17, 1942, disclosed dishonesty on the part of-relator.
 

 “We also believe that no competent evidence that the testimony presented at the hearing of the charges before the mayor, disclosed dishonesty on the part of relator is to be found in the record, and we therefore reverse the case to enable the defendants at another trial to produce such evidence.”
 

 The three last-quoted paragraphs of the court’s
 
 *335
 
 opinion are contrary to the court’s journal entry and mandate and in our opinion do not set forth correct principles of law.
 

 A peremptory writ of mandamus will not be granted unless the relator establishes a clear legal right thereto. Relator offered no evidence but relied upon his motion for judgment on the pleadings. It is contended by relator that the admission in the answer “that the original charge against relator was in substance that he had habitually contracted debts, which he was either unable or unwilling to pay” showed that the charge against the relator did not amount to “dishonesty.” We cannot agree with this contention.
 

 Webster defines “dishonesty” as follows:
 

 “Want of honesty, probity, or integrity in principle; want of fairness and straightforwardness; a disposition to defraud, deceive or betray; faithlessness, fraud; any deviation from probity. ’ ’
 

 We are of the opinion that the pleadings showed that the relator stood charged with dishonesty and upon his failure to offer any evidence the court should have sustained respondents’ motion for a judgment on the pleadings.
 

 While ordinarily a party does not have to prove a negative, yet in this case in order to show a right to the writ it was necessary for relator to show that his discharge was not due to dishonesty. In other words, the burden was on relator to show that the evidence before the mayor did not show dishonesty.
 

 In his brief relator says: “We frankly admit that if the admissions made in respondents’ answer do not make a
 
 prima facie
 
 case that a finding should be made against relator.”
 

 Substantial justice requires that the judgment of the Court of Appeals be and the same is hereby re
 
 *336
 
 versed and that the judgment of the Common Pleas Court should be and hereby is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.