LUTZ, APPELLEE, *v.* MIDLAND DISCOUNT CORP., APPELLANT.

(No. 8179—Decided November 19, 1956.)

*Mr. Lee J. Hereth* and *Messrs. Cowell & Fletcher,* for appellee.

*Messrs. Druffel, Hogan, Kite & Smith,* for appellant.

*Per Curiam.* This is an action by a mortgagor of an automobile against a transferee of the mortgage and note to recover the fair value of the mortgaged automobile which the defendant had sold under the power of sale given to it in the mortgage, but without the mortgagor being given the notice required by Section 1319.07, Revised Code.

The plaintiff alleged that she had no notice or knowledge of the time or place of sale and that the defendant failed to use due diligence to obtain a fair price for the automobile, and that although the automobile was worth $750, the defendant sold it for $100, to her damage in the sum of $650, for which she prayed judgment.

The defendant, by answer, alleged that the plaintiff was in default in payment of certain monthly installments and as a result the entire balance of $471.04 was due at the time it repossessed the automobile, and that under those circumstances, the mortgage gave it the right to repossess the automobile and sell it, and that it had used due diligence in making the sale to obtain the fair value for it.

These issues were tried to the court without a jury. The parties introduced evidence as to the value of the automobile, the amount in which the plaintiff was in default, the circumstances accompanying the defaults and the circumstances surrounding the sale.

At the conclusion of the evidence, neither party moved for judgment. Thereafter, the court rendered judgment for the plaintiff for $130.

The plaintiff filed a motion for a new trial on the ground that the amount was too small. The defendant filed no motion for a new trial. The court overruled the plaintiff's motion for a new trial, and, thereupon, she filed a notice of appeal on questions of law to the Court of Common Pleas. The defendant also filed a notice of appeal, and in this court filed an assignment,

which, in substance, seeks to raise the question of whether the defendant, as a matter of law, is not entitled to final judgment, basing this contention on the assumption that the evidence shows that the automobile was worth less than the balance due on the mortgage. If the assumption is justified by the record, the defendant's position would be supported by our decision in the case of *Pennington* v. *First Discount Corp.*, 89 Ohio App., 384, 102 N. E. (2d), 469.

As it does not appear that the defendant presented this question to the trial court in any way, the record presents the question of whether the defendant was in a position to raise this question in the Common Pleas Court, or in this court. It is true that in *Rigney* v. *Cincinnati Street Ry. Co.*, 99 Ohio App., 105, 131 N. E. (2d), 413, we followed the case of *Hrovat* v. *Cleveland Ry. Co.*, 125 Ohio St., 67, 180 N. E., 549, 84 A. L. R., 215, which held that a defendant-appellee, without filing a cross-appeal, could raise the question of whether it was entitled to final judgment on the record, but in those cases the defendant-appellee had reserved its rights in the trial court by motions for instructed verdicts at the close of the plaintiff's evidence and also at the close of all the evidence. There was no such equivalent reservation by the defendant-appellee in this case.

It does not appear that the legal sufficiency of the evidence to sustain a judgment was expressly and directly presented to the Municipal Court, although, of course, in the general submission to the court for decision that issue was involved. We apprehend that a court whose jurisdiction to review a judgment is properly invoked would hesitate to sustain a judgment unsustained by any evidence or contrary to all the evidence. However, we are of the opinion that we are not presented with a situation requiring a decision on this subject.

The Court of Common Pleas reversed the judgment and remanded the cause to the Municipal Court of Cincinnati for further proceedings according to law. The grounds of reversal set forth in the judgment entry were that: "The defendant as mortgagee was guilty of bad faith and failed to use reasonable diligence to obtain a fair price for the plaintiff's automobile; the judgment of the trial court is inadequate, being based upon

improper and incompetent evidence as to value; error in allowing the costs of repairs to be deducted therefrom and in failing to consider evidence of the value of the particular automobile involved.''

From that judgment, the defendant appealed to this court and assigned two grounds for its reversal.

The first ground is that the evidence shows that there was due it an amount in excess of the highest value placed on the automobile, and that, therefore, the plaintiff suffered no damage from any irregularity or lack of diligence that may have preceded and accompanied the sale. As already noted, counsel rely on *Pennington* v. *First Discount Corp.*, *supra*, as authority for this position. We are of the opinion that that case is inapplicable for the reason that in this record there is substantial evidence that the value of the plaintiff's automobile exceeded the total of the judgment and the balance due on the mortgages.

The other error assigned is that the court failed to specify with sufficient definiteness the errors upon which the reversal of the judgment was based, as required by Section 2505.38, Revised Code. The defendant relies on *State, ex rel. Foxall,* v. *Cossairt,* 146 Ohio St., 328, 65 N. E. (2d), 870. In that case, the judgment entry of reversal recited that the ground of reversal was ''for error of law in the admission of evidence.''

It is manifest by a comparison of the errors assigned in the case at bar with the ground assigned in *State, ex rel. Foxall,* v. *Cossairt, supra,* that the judgment entry in this case is much more specific and detailed. The question is whether it complies with the statute. That requires an anlysis of the language as applied to this record. It should be stated that the entry stated expressly that the only errors which it found in the record were those recited in the entry. That, of course, would have been implied even in the absence of an express finding.

One of the defects alleged is that some of the errors of reversal were not assigned by the appellant in the Common Pleas Court. We do not find such to be the case, but that, if true, would not invalidate the entry. A reviewing court is not limited to the errors assigned. It may, but is not required to, re-

gard other errors found in the record. Section 2505.21, Revised Code.

We are of the opinion that the indefiniteness contained in the judgment reviewed in *State, ex rel. Foxall,* v. *Cossairt, supra,* does not exist in the judgment entry in this case. The entry shows that the court reversed the judgment because it was inadequate in amount. In other words, the judgment was found by the Common Pleas Court to be against the manifest weight of the evidence, resulting from the failure of the defendant to use due diligence to obtain the fair value for the automobile.

The other ground of reversal relates to the evidence of value of the automobile. The trial court overruled the objection to the testimony of the witness Murphy, because of his use of a used-car market report in connection with his testimony. His testimony showed he had personal knowledge of the market value of used automobiles and the court did err in holding it to be admissible. *Cincinnati Street Ry. Co.* v. *Waterman,* 50 Ohio App., 380, 198 N. E., 494.

The Common Pleas Court also reversed the judgment on the ground that the Municipal Court considered evidence of the value of the particular automobile. This, we hold, was error on the part of the Common Pleas Court.

For these reasons, the mandate of the Common Pleas Court is modified to conform to this opinion and the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.