Samuel C. Coleman, J.
The plaintiff, former employee of the defendants, discharged by them, sues to recover an amount *576 standing to Ms credit in the defendants’ retirement fund at the time of his discharge. The circumstances of the discharge reflect unfavorably upon the plaintiff, and what the defendants later learned about him do so even more. But they do not, in my opinion, bar a recovery.
The plaintiff for many years was the manager of a branch office of a large brokerage firm. He requested a leave of absence (for an undefined period) to take care of a matter for which he had been subpoenaed to appear before the Securities and Exchange Commission. The matter, he told the defendants, did not concern the firm, but he was otherwise uncommunicative. He was asked to appear at the main office of the defendants, to discuss the matter, on pain of being suspended, ‘ ‘ pending clarification or determination of such problems as may exist in which you seem to be involved ”. He failed to appear, he was suspended and he was then told that upon his failure to present himself, with or without his attorney, by a fixed date, ‘ ‘ your failure to present yourself by the designated time will be the grounds for dismissal and unless you comply with our request this action will be taken ’ ’. Again the plaintiff did not appear and “the designated time having passed and you not having presented yourself as requested by us you are hereby advised that your employment by this firm is terminated ”. (May 29, 1957.)
The administration of the retirement fund was in the hands of three partners of the defendants (Retirement Board) and for some time the plaintiff’s rights to his pension credit seem to have been held in abeyance. There is no evidence that at any time did he make a formal demand for payment. It was not until September, 1958 that the defendants learned that plaintiff had pleaded guilty to an indictment charging him with grand larceny in relation to a dealing with a customer of the defendants which did not involve embezzlement from the firm. The plaintiff had been sentenced to a term in prison upon his plea. In October, the Retirement Board determined that the plaintiff had forfeited his interest because his services “ had been terminated as a result of his dishonesty, within the meaning of the Plan ”, because his failure to answer “ relevant questions ” was “ tantamount, under the Plan, to a voluntary leaving of the firm’s employ ’ ’, and because the plaintiff ‘ ‘ in failing and refusing to report to Ms employer after denial of his request for a leave of absence, had voluntarily left the firm’s employ, within the meaning of the Plan ”.
It is the plaintiff’s position that he was not discharged for “ dishonesty ”, but for failure to appear and discuss with his *577 employer the nature of his involvement with the Securities and Exchange Commission and that he is entitled to the interest in the retirement fund standing to his credit at the time of his discharge. I think his position is sound. The Plan provides s “ No employee who is a participant in the Plan shall be entitled to receive his interest in the fund until either (a) the retirement of the employee after attaining sixty years of age, by the Company’s Retirement Board; (b) the death of the employee at the time that he is a participant in the Plan; or (c) the separation of such employee from the Company’s service at the Company’s request except for dishonesty. In the event that an employee should voluntarily leave the service of the Company or be dismissed for dishonesty, such employee shall not be entitled to receive any payment from the fund and the amount of his interest in the fund at the time of his separation shall become forfeited and shall inure to the benefit of all the other participants in the fund in the manner provided in Article V hereof.” (Art. VI.)
I do not see how the defendants can argue that the plaintiff was discharged for dishonesty; nor did he “ voluntarily leave ”. The defendants seem to think that it can take the position that the plaintiff was discharged in October, 1958 when it took final action. But it cannot do so. The plaintiff was discharged in May, 1957; and no action thereafter can alter that fact. And when he was discharged it was upon the ground stated in one of the letters of the defendants: for the plaintiff’s failure to appear and discuss the matter with his employer. Neither at that time (nor for a long time thereafter) did the defendants know what the plaintiff’s difficulties were, what the nature of his involvement. Now, the refusal of the plaintiff, an important employee of a stock brokerage house, to discuss with his employer his involvement with the Securities and Exchange Commission was reason enough for his discharge. But it was not a discharge for dishonesty. It will not do to say that if the defendants in May, 1957 had known the details of the plaintiff’s involvement it would have discharged him. We may assume it would have done so, even if for reasons of its own it might have preferred to put the discharge on other grounds. We may assume too that if the discharge had been for dishonesty, as that term is used in the Plan, it would be permitted to show that fact, however differently it might have worded its notice of termination. But, I repeat no question of honesty or dishonesty was present in the defendants’ mind when it discharged the plaintiff.
*578 But, says the defendants, its Retirement Board in Qetober, 1958, decided that the plaintiff had been discharged for dishonesty and * ‘ the determination of the Retirement Board as to all such matters shall be conclusive ’ The quoted language appears in another part of the Plan a,s follows: “ Except as herein otherwise expressly provided, the Retirement Board shall be vested with the .sole authority to effect the retirement of employees, to certify to the Trustee the amount of annual compensation received by employees, to certify to the Trustee which employees are entitled to participate in the Plan, to determine the total retirement payment that each participating employee is entitled to receive upon retirement, separation or death under Articles V and VI hereof, and to determine all other related matters incidental to the operation of the Plan. The determination of the Retirement Board as to all such matters shall be conclusive (Art. VII.)
The answer seems to me plain. Not only was the plaintiff not discharged for dishonesty hut the board does not have the power to discharge employees nor to determine the reasons for discharge. Its determination may be final on the questions of amounts, years of employment, extent of participation, upon “ retirement, separation or death ”, but the board has nothing to say as to whether an employee has been discharged or as to when and why an employee was or should have been discharged. ‘ ‘ The general administration of the Plan and the responsibility for carrying out the provisions thereof shall be placed in a Retirement Board ”; the hoard can do no more. It is unnecessary then to consider whether ‘1 dishonesty ’ ’ means embezzlement from the defendants, as the plaintiff urges, or dishonesty in its broader acceptation, as the defendants say it does.
The plaintiff had earned his credits year by year, as part of his compensation. (Employees of the defendants made no direct contribution to the retirement fund.) He could be deprived of them only if he left voluntarily or if he was discharged for dishonesty. Neither eventuality occurred and although one may feel uneasy about the result, I do not see how the plaintiff can he deprived of what otherwise would be accumulated partial compensation. He may have had in contemplation the fact that if he were discharged he would not lose his accumulation; the defendants might have strengthened their position by delaying discharge until after it learned the facts.
But the plaintiff is not entitled to the accumulations of his credits since his discharge. He is entitled only to the amount standing to his credit — $19,607.38, with interest, and he may have judgment in that amount.