■ SAMUEL GITELSON, Respondent, v. EDMOND DU PONT et al., as Copartners Doing Business Under the Name of FRANCIS I. DU PONT & COMPANY, et al., Appellants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered March 30, 1964 in New York County, upon a decision of the court at a Special and Trial Term, without a jury.

Judgment in favor of plaintiff affirmed.

STEUER, J. (dissenting). Plaintiff, an employee of the defendant partnership Francis I. Du Pont & Company, brings this action against his employers and the administrators of the retirement board of that firm. The partnership had a retirement fund to which employees did not contribute. Upon severing connection with the firm an employee was entitled to a certain sum unless he "should voluntarily leave the service of the Company or be dismissed for dishonesty".

In May, 1957 plaintiff, who was then office manager of one of defendant's branch offices, requested a leave of absence, stating that he was required to appear before the Securities and Exchange Commission on matters not connected with the firm. The leave of absence was refused and plaintiff was pressed for an explanation as to what the matters were that necessitated his appearance before the SEC. He at first refused to give any explanation and then agreed to appear at the main office with his attorney on May 27. He failed to appear on that day and was notified that unless he appeared on the 29th he would face dismissal. He did not appear on that day either, and he was notified that, not having appeared, his employment was terminated.

Sometime thereafter defendant learned that plaintiff had been indicted for larceny in connection with the manipulation of funds of defendant's customers. He pleaded guilty, to the indictment and was sentenced to 15 to 30 months in prison. Upon learning these facts, the retirement board concluded that plaintiff was not entitled to any pension. The amount that plaintiff would be entitled to, if he is entitled to anything, is not in dispute. It amounts to $15,685.84.

Certain contentions of the parties can be disposed of easily. Plaintiff's claim that the word "dishonesty" in the quoted excerpt from the pension plan means dishonesty to the firm and would not include a theft or embezzlement from a customer is not well taken. Wherever the question has arisen in connection with the interpretation of the word in pension plans it has been held that it refers to any dishonesty, even though not connected with the employer (*State ex rel. Foxall* v. *Cossairt,* 146 Ohio St. 328; *Bird* v. *Connecticut Power Co.,* 144 Conn. 456). On the other hand, the defendant's contention that a noncontributory pension plan is in reality a gift is untenable. The contemporary view is that all pension plans are "in the nature of pay withheld to induce continued faithful service" (*Kieran* v. *Hunter Coll. Retirement Bd.,* 255 App. Div. 378, 379).

The real issue is whether plaintiff was discharged for dishonesty. Fortunately we have a rather comprehensive definition of dishonesty as used in business documents. "Dishonesty, unlike embezzlement or larceny, is not a term of art. Even so, the measure of its meaning is not a standard of perfection, but an infirmity of purpose so opprobrious or furtive as to be fairly characterized as dishonest in the common speech of men" (*World Exch. Bank* v. *Commercial Cas. Ins. Co.,* 255 N. Y. 1, 5, CARDOZO, J.). That plaintiff's acts constituted dishonesty there can be no question. But, Trial Term decided, he was not discharged for that, but rather for his failure to appear. We believe that the distinction thus made is artificial. His failure to submit himself to the inquiry of his employers was prompted by an effort to conceal his dishonesty. The effort was successful for a time. And it led to a discharge for the concealment. The dishonesty induced the concealment which in turn induced the discharge.

We are required to interpret the pension plan as would an ordinary businessman (cf. *Bird* v. *St. Paul Fire & Mar. Ins. Co.,* 224 N. Y. 47). We have no doubt that the subtle interpretation that elides the primary motivation in the chain of events leading to the discharge would not be that accorded the

situation by the ordinary man of business. It is no answer to say that the discharge would have been just as effective if the plaintiff were in fact innocent. He knew he was guilty and that induced the furtive conduct without which there would have been no discharge.

We vote to reverse and dismiss the complaint.

Botein, P. J., Breitel and Stevens, JJ., concur in decision; Steuer, J., dissents in opinion in which Eager, J., concurs.

Judgment in favor of plaintiff affirmed on the opinion of Mr. Justice COLEMAN at Special Term, with $50 costs to respondent. [42 Misc 2d 575.]