■ DOROTHY S. JORDAN, as Executrix of Charles J. Jordan, Deceased, Appellant, v HAROLD A. ROUSSELOT, as a Member of the Retirement Board of the F. I. duPont & Co., Employees Retirement Plan, et al., Respondents.—Order, Supreme Court, New York County, entered on September 9, 1974, granting defendants' motion to dismiss the complaint for failure to state a cause of action, and the judgment entered thereon on September 19, 1974, unanimously reversed, on the law, the judgment vacated, and the motion denied, with $60 costs and disbursements to appellant. Plaintiff brings this action seeking moneys accumulated in the retirement account of the decedent, formerly an employee of the defendant Dupont Walston (or predecessor firms) and thereafter a special limited partner and general partner.

Defendants moved to dismiss the complaint urging, insofar as herein relevant, that decedent's interest in the plan had been forfeited upon his ascendancy to partnership. Special Term granted the motion to dismiss concluding that the terms of the retirement plan itself as well as various Internal Revenue Service rulings demonstrated "that the clear meaning and intent of the Agreement was to exclude former employees from the benefits of the Retirement Plan once they became Partners." We disagree. Neither the terms of the plan nor the rulings of the Internal Revenue Service mandate a conclusion that retirement benefits accumulated as an employee are forfeited upon achieving partnership. While the plan defines "Employee" to exclude "a general, limited or special partner", that definition is not necessarily applicable to a situation where the benefits sought are based upon accumulations credited with respect to earnings solely as an employee. Moreover, other provisions of the plan indicate that such accumulations were not to be forfeited. Article VI of the plan, for example, provides, among other things, that "no employee who is a participant in the Plan shall be entitled to receive his interest in the fund until * * * (a) the retirement of the employee, after attaining sixty years of age [and that] Any employee who has served with the Company for at least two (2) years prior to attaining sixty (60) years of age shall have a right to be retired at any time thereafter." It is undisputed that decedent was over 60 years of age and had served with the company for at least two years prior to becoming a partner and hence it *appears* that his interests were then vested. Nor is there a specific provision in the plan providing for divestiture of an interest upon becoming a partner. Indeed article VI provides that a person who becomes a partner "shall not be deemed suspended from the Company's service for purposes of this Article (but a person who becomes a partner * * * shall not be entitled to share in the Company's contributions on the basis of any form of remuneration or payment received by him as such a partner)." It would appear that that provision was designed to prevent a forfeiture under these circumstances—and limits the partner to benefits only to the extent that they are attributable to earnings while he was an employee. Nor do the Internal Revenue rulings require a different conclusion. First of all the rulings, even if adverse to plaintiff's position, would not bar plaintiff from enforcing contractual rights. The rulings only related to qualification of the plan under section 401 of the Internal Revenue Code (US Code, tit 26, § 401) and are only relevant with respect to the intent of the parties, i.e., the benefits intended to be conferred under the plan. But, in any event, the rulings are not directed to the specific situation at bar, and do not require forfeiture of benefits accumulated as an employee. Indeed the opposite is indicated. Defendants also urge that in any event decedent waived his benefits under the plan. It is argued that at the time he became a partner he was informed that acceptance of his partnership would constitute a forfeiture of retirement benefits, and he thereupon accepted as a substitute for those benefits, term life insurance equal to the nearest $1,000 of accrued retirement benefits. This issue, however, cannot be determined on this motion. Even if this were a motion for summary judgment, there would be factual issues concerning the information conveyed to decedent and its transmitter. Moreover, it cannot be said as a matter of law that term insurance is the equivalent of pension benefits. Lastly, although not raised below, defendant relying upon *Gitelson v Du Pont* (42 Misc 2d 575, affd 23 AD2d 724, revd 17 NY2d 46), and article VII of the plan, argues that the retirement board's determination that the pension benefits were forfeited is final and conclusive. The *Gitelson* case, which involved a far different

situation, however, was decided after a full trial. Here, the basis for the retirement board's decision is not fully revealed, and in view of the foregoing provisions of the plan, further exploration at trial is warranted. Concur —Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.