{¶ 1} Defendant-appellant, Akil McIntosh ("McIntosh"), pro se, appeals the trial court's denial of his motion to correct a journal entry pursuant to Crim.R. 36. Finding no merit to the appeal, we affirm.
 {¶ 2} In January 2004, McIntosh was charged with aggravated murder.[1] In May 2004, he pled guilty to the reduced charge of murder with a three-year firearm specification. The trial court responded by stating:
 "All right. Let the record reflect the Court finds the defendant knowingly, voluntarily, and with a full understanding of his rights entered his plea of guilty here."
 {¶ 3} McIntosh was sentenced to a total of eighteen years to life in prison.
 {¶ 4} The journal entry for these proceedings (dated May 3, 2004) reflects that McIntosh retracted his former plea of not guilty and entered a plea of guilty. The entry then states, "Court finds defendant guilty."
 {¶ 5} In November 2006, McIntosh filed a pro se "motion to correct journal entry," arguing that the above journal entry is an inaccurate reflection of what actually happened in open court because "at no time did the Court find the Defendant guilty in open court, on the record." He requested that the court delete the portion of the entry where the court found him guilty. The court denied this motion. *Page 4 
 {¶ 6} McIntosh now appeals, raising one assignment of error in which he argues that the trial court erred in denying his motion to correct the May 3, 2004 journal entry. He argues that the journal entry is inaccurate because the trial court accepted his guilty plea without finding him guilty. He further argues that pursuant to Crim.R. 36, the portion of the entry that states, "Court finds defendant guilty," should be deleted, and he claims that his constitutional due process and equal protection rights were violated.[2] We disagree.
 {¶ 7} Crim.R. 11(B)(3) provides that, "[w]hen a plea of guilty * * * is accepted pursuant to this rule, the court * * * shall proceed with sentencing under Crim. R. 32."
 {¶ 8} The record reflects that McIntosh entered a plea of guilty to murder and to the firearm specification. The court accepted his guilty plea and proceeded with sentencing as required by Crim.R. 11(B)(3). Furthermore, it is a fundamental principle that a court speaks through its journal entry. State, ex rel. Foxall v. Cossairt (1946),146 Ohio St. 328, 65 N.E.2d 870. Because the journal entry is consistent with the proceedings, we find that the trial court did not err in denying McIntosh's "motion to correct journal entry."
 {¶ 9} Furthermore, the instant appeal is barred by the doctrine of res judicata. Res judicata may be applied to bar the further litigation of issues that were previously raised or could have been raised through a direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. In the instant case, McIntosh *Page 5 
failed to raise on direct appeal issues involving his conviction or accuracy of the journal entry. Rather, he waited nearly three years to file a "motion to correct journal entry." Thus, his appeal is barred under the doctrine of res judicata.
 {¶ 10} Therefore, the sole assignment of error is overruled.
 {¶ 11} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR
[1] The charge carried one-and three-year firearm specifications.
[2] McIntosh does not challenge the validity of his plea. *Page 1